# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVINASH KASIRAM,<br><br>  Petitioner,<br><br>  v.<br><br>ERIC HOLDER, et al.,<br><br>  Respondents. | Case No.: 1:13-cv-01284-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of mandate pursuant to 28 U.S.C. § 1651.

## PROCEDURAL HISTORY

The instant petition was filed on August 14, 2013. (Doc. 1). The Court has conducted a preliminary screening of the petition and has determined that it lacks jurisdiction to proceed.

## DISCUSSION

A.  Preliminary Screening.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The

1  Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas
2  corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after
3  an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

4       B.  Lack of Habeas Jurisdiction.

5       In this case, Petitioner is serving a 48-month sentence resulting from his conviction on
6  narcotics-trafficking charges.  (Doc. 1, p. 2).  Petitioner has a projected release date of June 3, 2014.
7  Id.  Because of the aggravated nature of the underlying felony conviction, Petitioner, an alien, is
8  subject to removal once his sentence has been completed.  Petitioner relies on 8 U.S.C. §
9  1228(a)(3)(A), which provides, inter alia, that the Attorney General of the United States and the BOP
10 should ensure that deportation proceedings begin as expeditiously as possible after the date of
11 conviction, and that the proceedings are complete prior to the expiration of the alien's sentence.

12      Petitioner has submitted documentation indicating he has requested that prison staff enforce the
13 provisions of § 1228(a)(3)(A) by initiating the removal process in light of his projected release date of
14 June 3, 2014, in order to ensure that the mandate of § 1228 is implemented and to minimize the
15 amount of post-release detention time Petitioner will have to spend in the custody of the Bureau of
16 Immigration and Customs Enforcement ("ICE"), which has apparently filed a detainer against
17 Petitioner for his removal once his present sentence has been completed.  As relief, Petitioner seeks an
18 order from this Court directing Respondents to "take appropriate steps to commence [Petitioner's]
19 hearing and to complete the administrative process [for removal] within the time prescribed by
20 Congress prior to [Petitioner's] release date."  (Doc. 1, p. 6).  For the reasons discussed below, this
21 Court lacks jurisdiction to address Petitioner's claim.

22      Writ of habeas corpus relief extends to a person in custody under the authority of the United
23 States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or
24 constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. §
25 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must
26 bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d
27 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v.
28

2

Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Tubwell, 37 F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at185-86 (claiming Board of Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Hutchings, 835 F.2d at187; Brown, 610 F.2d at 677.

Here, Petitioner is challenging neither the fact nor duration of his present sentence for drug trafficking. Rather, it appears that he is seeking to challenge the potential or possible future confinement by ICE following the completion of his present sentence, by accelerating the removal process and thereby reducing the length of his ICE detention prior to removal. Because habeas jurisdiction is contingent upon a petitioner challenging the fact or duration of his present sentence, under the case law cited above, any habeas petition raising these claims would have to be dismissed for lack of jurisdiction. The Court is unaware of any federal law authorizing habeas jurisdiction to review a potential future term of detention.

C.   Other Bases For Jurisdiction.

1.   Jurisdiction Over ICE Removal Decisions.

Regarding this Court's authority to review decisions by ICE, Title 8 U.S.C. § 1252 allows only very limited judicial review of ICE orders and decisions. See 8 U.S.C. § 1252 (stating which orders

3

are reviewable and listing requirements to seek judicial review); Reno v. American-Arab Anti-Discrimination Comm., 119 S.Ct. 936, 943 (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of INS's "decision or action to commence proceedings, adjudicate cases, or execute removal orders"). However, there is no support for the proposition that the Court has jurisdiction to review the ICE's alleged future conduct. It is ICE, and not this Court, which must determine whether the Petitioner in this case is deportable or removable. It is also ICE who determines whether the Petitioner is entitled to a stay from removal under § 212(c). An ICE detainer or hold does not mean that Petitioner is in ICE custody for the purposes of obtaining habeas corpus relief. See Campos v. Immigration and Naturalization Service, 62 F.3d 311 (9th Cir. 1995); Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), *superseded by statute on other grounds* ("[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available."). The detainer is only a notification that a removal decision will be made at some later date. Garcia, at 303-04; Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Merely because Petitioner may be subject to an ICE detainer or hold, there is no final order of removal or deportation and he is not in ICE custody. Thus, to the extent that Petitioner is seeking review of some potential ICE determination at some unspecified future date, the Court lacks authority for such a review.

        2. Jurisdiction Over BOP's Discretionary Decisions.

Regarding the Court's authority to review the Bureau of Prisons' ("BOP") discretionary decisions related to the statute cited above, that authority, too, is lacking. Congress has mandated that the BOP, under the direction of the Attorney General, shall have charge of the management and regulation of all federal penal and correctional institutions. 18 U.S.C. § 4042(a)(1). Congress has delegated to the BOP the authority to designate the institution of confinement. Title 18 U.S.C. § 3621(b) provides in pertinent part as follows:

> (b) The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> 1) the resources of the facility contemplated;

4

2) the nature and circumstances of the offense;

3) the history and characteristics of the prisoner;

4) any statement by the court that imposed sentence—

    A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    B) recommending a type of penal or correctional facility as appropriate; and

5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

In <u>Reeb v. Thomas</u>, 636 F.3d 1224 (9th Cir.2010), a federal prisoner proceeded pursuant to 28 U.S.C. § 2241 with a claim that the BOP had abused its discretion in expelling him from a residential drug abuse program (RDAP). The petitioner sought readmission into the RDAP and a twelve-month reduction in sentence upon successful completion of the program. The court held that 18 U.S.C. § 3625 precludes judicial review of discretionary, individualized RDAP determinations made by the BOP pursuant to 18 U.S.C. § 3621, which placed in the discretion of the BOP the determination of RDAP eligibility and entitlement to sentence reductions for program participation. The court based its decision on provisions of the Administrative Procedure Act (APA) that provided a cause of action for persons suffering legal wrong or adverse effect from agency action, but which further withdrew the cause of action to the extent that the pertinent statute "preclude[s] judicial review" or "the agency action is committed to agency discretion by law." <u>Reeb</u>, 636 F.3d at 1226; 5 U.S.C. §§ 702, 701(a). The court relied on 18 U.S.C. § 3625, which stated, in pertinent part, that the provisions of 5 U.S.C. §§ 701 through 7064 "do not apply to the making of any determination, decision, or order under this subchapter." <u>Reeb</u>, 636 F.3d at 1226 (*quoting* 18 U.S.C. § 3625). The court explained as follows:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be

5

> inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Id. at 1227. The Ninth Circuit emphasized that the RDAP decisions challenged in that case were matters properly left to the BOP's discretion. Id. The court noted that although the decisions could not be reviewed for abuse of discretion, judicial review remained available for allegations that BOP action was contrary to established federal law, violated the United States Constitution, or exceeded statutory authority. Id. at 1228.

The present case is analogous with Reeb. Pursuant to § 3621(b), the designation Petitioner's place of confinement, i.e., whether at Petitioner's current facility or at some unspecified ICE detention facility, is a matter within the discretion of the BOP and ICE. Petitioner impliedly contends that he has a statutory right to an expedited removal hearing, relying on 8 U.S.C. § 1228(a)(3)(A), which provides for the expedited removal of aliens convicted of committing aggravated felonies, and provides as follows:

> Notwithstanding any other provision of law, the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony.

8 U.S.C. § 1228(a)(3)(A). However, the terms of this provision do not confer a right of judicial review or limit the discretion of the BOP and the Attorney General to designate institutions of confinement. Section 1228(a)(3)(A) expressly qualifies the direction to complete removal proceedings by providing that the Attorney General is to do so "to the extent possible."  Further, although § 1228(a)(1) directs that the proceedings be conducted in a manner which eliminates the need for additional detention at any processing center of the service and assures expeditious removal following the end of the alien's incarceration for the underlying federal sentence, it also provides in pertinent part as follows:

> Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

28 U.S.C. § 1228(a)(1).

6

The Court, therefore, concludes that, as was true with the statutory scheme in Reeb, the placement of an alien prisoner who has committed an aggravated felony for purposes of serving his sentence and ultimately, being subject to a final order of removal, is a matter within the discretion of the BOP.  Title 8 U.S.C. § 1228 does not in any way limit or restrict this discretion. Permitting a prisoner to bring a habeas petition pursuant to 28 U.S.C. § 2241 or a mandamus petition pursuant to § 1651 to challenge the BOP's discretionary determination under § 3621 would conflict with the clear language of § 3625, which removes this Court's jurisdiction to review such discretionary determinations.  Accordingly, to the extent that Petitioner seeks this Court to review the discretionary decision of the BOP concerning his placement at TCI or potential transfer from TCI, Petitioner's claim should be dismissed for lack of subject matter jurisdiction.

To the extent that Petitioner seeks this Court's review of whether BOP's policies and decisions violate the mandate of Congress, as expressed in other statutory language, that argument also fails to establish the Court's jurisdiction.  Although there is no subject matter jurisdiction in this Court to review individualized, discretionary determinations made by the BOP pursuant to 18 U.S.C. § 3621, judicial review remains available for allegations that BOP action is contrary to established federal law, violates the Constitution, or exceeds statutory authority. Reeb v. Thomas, 636 F.3d at 1228. This Court retains jurisdiction to determine whether non-individualized BOP action is contrary to its statutory authority. Close v. Thomas, 653 F.3d 970, 973–74 (9th Cir.2011), cert. den., ––– U.S. ––––, 132 S.Ct. 1606, 182 L.Ed.2d 213 (2012).

In Close, 653 F.3d 970, the court considered the question whether BOP's interpretation of a statute that provided for prioritizing inmates' eligibility for entering into a residential drug abuse treatment program was contrary to its statutory authority. The set forth the appropriate path of analysis as follows:

> When we "review[ ] an agency's construction of the statute which it administers, [we are] confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter...." Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If we determine that "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694.

7

> To determine Congress's intent, "[a]s always," the "starting point is the plain language of the statute." Greenwood v. CompuCredit Corp., 615 F.3d 1204, 1207 (9th Cir.2010) cert. granted, ––– U.S. ––––, 131 S.Ct. 2874, 179 L.Ed.2d 1187 (2011). We have explained that "[i]f the plain meaning of the statute is unambiguous, that meaning is controlling." Id.

Close, 653 F.3d at 974. As mentioned, Petitioner relies on 8 U.S.C. § 1228(a)(3)(A), which provides as follows:

> Notwithstanding any over provision of law, the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony.

8 U.S.C. § 1228(a)(3)(A) (emphasis added). Section 1228(a)(1) expressly provides that the Attorney General "shall provide for the availability of special removal proceedings" at certain correctional facilities for aliens committing specified criminal offenses, and that except as otherwise provided in that section, the proceedings "shall be conducted in conformity with section 1229a of this title," and in a manner "which eliminates the need for additional detention at any processing center" and "assures expeditious removal following the end of the alien's incarceration" for the underlying federal sentence. 8 U.S.C. § 1228(a)(1).

Title 8 U.S.C. § 1229, which addresses the same subject of removal proceedings concerning aliens convicted of criminal offenses, provides for initiation of removal proceedings by the Attorney General as follows:

> (d) Prompt initiation of removal
>
> 1) In the case of an alien who is convicted of an offense which makes the alien deportable, the Attorney General *shall begin any removal proceeding as expeditiously as possible after the date of the conviction.*
>
> 2) Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

8 U.S.C. § 1229(d) (emphasis added). Although § 1228 uses mandatory language concerning the Attorney General's initiation of removal proceedings before the alien has completed his criminal sentence, the command as to completion of removal proceedings is expressly qualified with the modifying phrase, "to the extent possible." Likewise, in § 1229, the Attorney General is mandated to

initiate removal proceedings "as expeditiously as possible after the date of conviction." Thus, according to the plain language of the pertinent statutes, Congress intended expeditious handling of inmate removals—but *only* to the extent possible.

It is equally clear from §§ 1228(a)(1) and 1229(d)(2) that Congress did not intend its direction—i.e., to begin removal proceedings as expeditiously as possible--to create any substantive or procedural right or benefit that any party, including an inmate, could legally enforce against the Attorney General or any agency or officer of the United States. Indeed, the predecessor to § 1229(d), i.e., 8 U.S.C. § 1252(i), which mandated that the Attorney General begin any deportation proceeding as expeditiously as possible after the date of conviction, did not create an enforceable duty to an inmate in light of Congress's additional direction that nothing in § 1252(i) should be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person. Campos, 62 F.3d at 313–14 (finding that an inmate seeking initiation of expedited removal proceedings by the Attorney General had no standing to seek mandamus relief). The court in Campos noted that the requirement of expedited removal proceedings was enacted for the benefit of taxpayers rather than incarcerated aliens: to reduce prison overcrowding caused by immigration service delays. In other words, the sole purposes of the enactment were economic. Campos, 62 F.3d at 314. Thus, to the extent that Petitioner is contending that the BOP's policies and actions are contrary to federal law, specifically § 1228(a)(3)(A), Petitioner has failed to establish that he has a legal right to invoke this Court's power of judicial review, and, moreover, he has failed to establish that, even if that power existed, the BOP's actions and policies in denying him a hearing at this juncture are inconsistent with the plain meaning of the statute.

      3. Mandamus.

Petitioner purports to proceed under the federal mandamus statute; however, under this provision the Court also lacks jurisdiction.

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only

available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (*quoting* Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

The jurisdiction of the Court is limited to cases and controversies. U.S. Const. art III, § 1. For this Court to have subject matter jurisdiction, a petitioner must have standing to sue at the time the action is filed. Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). As previously noted, an incarcerated alien lacks standing to seek mandamus to enforce a statutory provision such as those contained in §§ 1228 and 1229 because all private actions, including mandamus, are abolished by the language prohibiting construction of the statute to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies, officers, or any other person. Campos, 62 F.3d at 314.

Accordingly, Petitioner lacks standing. Thus, even if the Court were to consider Petitioner's mandamus claim, it will be recommended that the mandamus claim be dismissed for lack of subject matter jurisdiction.

       4.   <u>Lack of Jurisdiction To Review Removal Proceedings Under The Real ID Act</u>.

Moreover, even if the foregoing were not so, to the extent that Petitioner's claims can be understood as seeking to impact the removal process, the federal district court no longer has jurisdiction over collateral challenges to removal proceedings. On May 11, 2005, the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005" was signed into law. Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the *sole and exclusive means* of review of an administrative order of removal, deportation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or</u>

<u>issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include ***habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision***, ***sections 1361 and 1651*** of such title, and review pursuant to any other provision of law (statutory or nonstatutory). (Emphasis supplied).

Accordingly, to the extent that Petitioner is seeking judicial review through § 1651 of the federal government's decision related to his removal proceedings, the Real ID Act removed any jurisdiction from this Court to review any proceedings related to the removal of Petitioner.

Finally, as to the relief sought by Petitioner, the Court cannot require ICE to hold a hearing for Petitioner so that Petitioner will not have to be in ICE detention following the completion of his sentence. The Court is without power to compel ICE to hold an immediate hearing for a non-citizen, such as Petitioner, who has received an ICE detainer or hold. See <u>Campos</u>, 62 F.3d at 313-14. In 1993, the Ninth Circuit held that an incarcerated alien could request the District Court compel ICE to hold an immediate deportation hearing. See <u>Silveyra v. Moschorak</u>, 989 F.2d 1012, 1014 n.1. (9th Cir. 1994). In 1994, however, Congress passed the Immigration and Nationality Technical Corrections Act of 1994, Pub.L.No. 103-416, which prohibited the Federal courts from compelling ICE to proceed with deportation or removal proceedings. See <u>Campos</u>, 62 F.3d at 312-314. In 1996, Congress also enacted the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L.No. 104-208. Under this Act, the Federal courts have no authority to review the Attorney General's decision or action to "commence proceedings, adjudicate cases," or "execute removal orders." 8 U.S.C. § 122(g). Because 8 U.S.C. § 1252(g) specifically precludes the court from reviewing ICE's decision to commence removal or deportation proceedings, the Court is without the power to compel ICE to conduct such a hearing.

       5. <u>General Due Process Principles</u>.

To the extent that Petitioner's claims invoke some unspecified, inherent due process claim, that too must be rejected. An inmate does not have a protected liberty interest in either early release from the terms of a sentence or in any discretionary determination concerning conditions of confinement. <u>Reeb v. Thomas</u>, 636 F.3d at 1229, n. 4 (citing <u>Greenholtz v. Inmates of Nebraska Penal and</u>

Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979); Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274 (1976); Jacks v. Crabtree, 114 F.3d 983, 986 n. 4 (9th Cir.1997)).

For all of the reasons set forth above, the Court lacks jurisdiction to review the decisions, conduct, and policies of Respondent that are at the heart of this mandamus petition.  Therefore, the Court will recommend that the petition be dismissed.

**ORDER**

Accordingly, the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 22, 2013**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE